UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAY 1 3 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Emmett E. Spencer, )
)
    Plaintiff, )
)
v. ) Civil Action No.
)
Adrian Fenty et al., ) 10 0771
)
    Defendants. )

## MEMORANDUM OPINION

Plaintiff Emmett E. Spencer has filed an application to proceed without prepayment of fees, a pro se complaint, and a motion for appointed counsel. The application will be granted, the complaint will be dismissed for lack of federal jurisdiction, and the motion for counsel will be denied as moot.

Spencer, an inmate at the D.C. Jail, alleges that on October 13, 2009, he sustained an injury to his lower back when, in custoday and on a bus returning from a day in the Superior Court of the District of Columbia, the bus collided with something. He alleges that jail staff inquired as to whether he needed to see a doctor, and assisted him in obtaining medical attention at the time. He now seeks damages for his injuries.

Spencer has framed his complaint as one for civil rights violations under 42 U.S.C. § 1983. The allegations, however, do not support such a claim. Rather, the allegations indicate that Spencer sustained a personal injury as a result of a vehicular accident. Such accidental personal injuries may be compensated through other means, but they do not state a claim under 42 U.S.C. § 1983 for a violation of civil rights.



This court does not have jurisdiction over a claim for accidental or negligent injury to Spencer. A federal district court, unlike the Superior Court of the District of Columbia, is a court of expressly limited jurisdiction. It has jurisdiction in civil actions arising under the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 1331. The allegations in the complaint, however, do not appear to arise under federal law, but instead under state or common law. A federal district court also has jurisdiction over civil actions in matters where the controversy is between citizens of different states and exceeds $75,000. *See* 28 U.S.C. § 1332(a). Here, however, the complaint identifies a District of Columbia address for both the plaintiff and the defendant, and does not identify an amount in controversy over $75,000. Therefore, there appears to be no diversity jurisdiction under § 1332(a).

Accordingly, the Court will dismiss the complaint without prejudice for lack of subject matter jurisdiction. A separate order accompanies this memorandum opinion.

Date: April 23, 2010

United States District Judge